**Timothy ASKEW, Plaintiff,**

v.

**Officer RIGLER, Officer Bunce, Sergeant Blackman (The Monticello Police Department), Defendants.**

**No. 87 Civ. 8009 (RPP).**

United States District Court,
S.D. New York.

March 7, 1990.

Karen Breslow, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for plaintiff.

.Scott Sherman, Thurm & Heller, New York City, for defendants.

ROBERT P. PATTERSON, Jr., District Judge.

This is a discovery dispute in a Section 1983 action brought by Timothy Askew pro se against members of the Monticello Police Department for alleged acts of brutality. Plaintiff, now represented by pro bono counsel, moves for an order pursuant to Federal Rule of Civil Procedure 37 compelling the production of certain police personnel records and the appearance of defendants Rigler, Bunce and Blackman at depositions; scheduling the deposition of plaintiff for a date following those depositions; and extending the discovery deadline. Defendants cross-move pursuant to Federal Rule of Civil Procedure 26(c) for a protective order or for an order preventing plaintiff from obtaining personnel records. Defendants also cross-move pursuant to Federal Rule of Civil Procedure 37 for an order extending the discovery period to May 21, 1990, directing plaintiff to produce documentary discovery and respond to interrogatories, directing a date for party depositions, and granting defendants priority of deposition.

At oral argument on February 22, 1990, the Court ordered the defendants to comply with plaintiff's notice of depositions on March 15, 1990 and to proceed with discovery of plaintiff by means of document requests and oral depositions. Defendants' motion to proceed also by way of interrogatories was denied. Plaintiff was ordered to supply medical authorizations to defendants' counsel by March 2, 1990. Defendants were ordered to produce the police personnel records requested by plaintiff by March 8, 1990, subject to restrictions or confidentiality agreements to be ordered thereafter. This opinion and order discusses those restrictions which shall pertain to the production of such personnel records.

New York Civil Rights Law § 50–a requires a court to conduct an *in camera* review of police personnel records before plaintiff can have access to them. Judge Weinstein's survey of principles of discovery and federalism in *King v. Conde*, 121 F.R.D. 180 (E.D.N.Y.1988), is persuasive that Section 50–a is inapplicable in this case. In *King*, Judge Weinstein refused a request to follow the procedures of Section 50–a because "[q]uestions of privilege in federal civil rights cases are governed by federal law," *id.* at 187 (citing Fed.R.Evid. 501; *Von Bulow v. Von Bulow*, 811 F.2d 136, 141 (2d Cir.1987)), and "there is no federal analog to New York Civil Rights Law § 50–a." *Id.* at 187.

Although an *"in camera* detour" was not necessary in *King*, Judge Weinstein pointed out that the purposes of the state privilege law should be respected in the direct discovery of police personnel records in federal civil rights cases. *Id.* at 186–87. To assure that the privacy concerns of the defendants are not neglected, the Court orders counsel for the parties to enter into and file with the court a confidentiality agreement with regard to the police personnel records which defendants have been ordered to produce.

The discovery cut-off date is hereby extended to April 30, 1990. A joint pretrial order will be filed by May 15, 1990 and a pretrial conference will be held on May 23, 1990 at 9:00 A.M.

IT IS SO ORDERED.